UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

SABRINA BOLDEN,

    Plaintiff,

vs.

CARNIVAL CORPORATION,
a Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, SABRINA BOLDEN, a Massachusetts citizen and resident, sues Defendant, CARNIVAL CORPORATION, a Panamanian Corporation with its principal place of business in Miami-Dade County, Florida, doing business as CARNIVAL CRUISE LINES, (CARNIVAL) and alleges:

### JURISDICTION, VENUE AND PARTIES

    1.    This is an action for damages in excess of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

    2.    Plaintiff, SABRINA BOLDEN, is sui juris and at all material times has been a citizen and resident of the state of Massachusetts.

    3.    Defendant, CARNIVAL CORPORATION, is a Panamanian corporation with its principal place of business in Miami, Dade County, Florida.  At all material times Defendant, CARNIVAL CORPORATION, has done business under the fictitious name "CARNIVAL

CRUISE LINES." For federal jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4. Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. §1332(a)(2). As alleged above there is complete diversity in citizenship of the parties because Plaintiff, SABRINA BOLDEN is and all material times has been a citizen and resident of the state of Massachusetts, while Defendant CARNIVAL is a citizen both of Panama and of Florida for jurisdictional purposes. The amount of damages claimed exceeds the minimum jurisdictional amount required for diversity of citizenship cases. The damages alleged in Paragraph 14 below, including an ankle fracture, support an award of damages in excess of $75,000.00.

5. At all material times, CARNIVAL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, through having its principal place of business there, so that in personam jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all material times, CARNIVAL has engaged in business in this district, so venue is proper in this Court.

7. At all material times, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.

8. In the operative ticket contract, the Defendant requires fare paying passengers such as the Plaintiff to bring any lawsuit against the Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

9. Venue is also proper in this district because the Defendant's principal places of business are located within this district.

10. Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and an incident report and written medical records were prepared onboard the ship. Furthermore, the Plaintiff gave the Defendant a timely written notice of claim as required by the ticket contract on June 10, 2020.

**LIABILITY AND DAMAGE ALLEGATIONS APPLICABLE TO ALL COUNTS**

11. At all material times, the Defendant was engaged in the business of operating maritime cruise vessels for fare paying passengers and for this purpose operated, among other vessels, the CARNIVAL M/S "CONQUEST."

12. At all material times, including the accident date of December 21, 2019, the Plaintiff was a fare paying passenger aboard the CARNIVAL M/S "CONQUEST" and in that capacity was lawfully present aboard the vessel.

13. On or about December 21, 2019, while the Plaintiff was in the process of boarding the "CONQUEST" via a gangway, a hinged portion of the gangway flipped forward, striking the Plaintiff on the back of her right ankle and lower leg.

14. As a direct and proximate result of the incident described above, the Plaintiff was injured in and about her body and extremities, including an ankle fracture, along with other injuries, and she suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability and the inability to lead a normal life, as well as the aggravation or activation of pre-existing medical conditions. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries. The future medical expenses are reasonably certain to occur. She has also sustained a loss of earnings and earning capacity. These damages

are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## **COUNT I – NEGLIGENT INSPECTION AND MAINTENANCE OF GANGWAY**

15. The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-14 above.

16. At all material times, the Defendant CARNIVAL owed the Plaintiff Ms. BOLDEN, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to maintain the gangway where Plaintiff was injured in a reasonably safe condition for passenger ingress and egress. This duty included a duty to maintain the gangway in an even, stable and safely leveled condition, in order to ensure safe embarkation and disembarkation for passengers including the Plaintiff. The duty of ramp maintenance included the responsibility to inspect the ramp for loose panels, mis leveling, uneven or otherwise unsafe conditions and timely to correct those conditions once they were or should have been detected.

17. At all material times the gangway surface where the Plaintiff was injured was in a high traffic area since it was specifically designated for embarkation and disembarkation of cruise ship passengers and was in a condition dangerous to passengers entering and leaving the ship, including the Plaintiff, due to its being unleveled, inadequately secured, and having loose or inadequately secured hinges. No alternative embarkation or disembarkation options were available to Plaintiff.

18. At all material times the Defendant knew or should in the exercise of reasonable care have known of the need to maintain the ramp in a safely even, leveled and secured condition and knew or in the exercise of reasonable care should have known of the risks to passengers embarking or disembarking the vessel, such as the Plaintiff, created by misleveling, uneven gangway surfaces, inadequate securing of the gangway, inadequately secured gangway sections, and loose or inadequately secured hinges on gangway sections. The Defendant's actual or constructive knowledge was derived from prior use of the same or substantially similar gangway systems, industry standards regarding the use, design and securing of gangways, the recurring nature of the conditions and prior similar occurrences before the Plaintiff was injured.

19. Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the gangway where Plaintiff was injured, the Defendant failed before the time of the Plaintiff's injury to take reasonable measures to maintain the gangway in a reasonably safe condition by correcting the unsafe conditions alleged above, more adequately securing the gangway and gangway sections, and by adjusting the positioning of the gangway, or otherwise. The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

20. Due to the concealed nature of the dangerous conditions alleged above, the risk creating condition was not open and obvious to the Plaintiff.

21. As a direct and proximate result of the Defendant's negligence as described above Ms. BOLDEN has sustained and will continue in the future to sustain the damages alleged in Paragraph 14 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## **COUNT II – NEGLIGENT FAILURE TO WARN**

22.     The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-14 above.

23.     At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to warn passengers including the Plaintiff adequately of any risks created by the condition of the gangway leading onto the vessel, including inadequate securing of the gangway as a whole or of sections of the gangway, and misleveling or unevenness of the gangway.

24.     At all material times the gangway surface where the Plaintiff was injured was in a high traffic area since it was specifically designated for embarkation and disembarkation of cruise ship passengers and was in a condition dangerous to passengers entering and leaving the ship, including the Plaintiff, due to its being unleveled, inadequately secured, and having loose or inadequately secured hinges.  No alternative embarkation or disembarkation options were available to Plaintiff.

25.     At all material times the Defendant knew or should in the exercise of reasonable care have known of the risks to passengers boarding the vessel, such as the Plaintiff, as specified in the preceding paragraph.  The Defendant's actual or constructive knowledge was derived from prior use of the same or substantially similar gangway systems, industry standards regarding the use, design and securing of gangways, the recurring nature of the conditions, and prior similar occurrences before the Plaintiff was injured.

26.     Notwithstanding Defendant's actual or constructive knowledge of the dangerous condition of the gangway where Plaintiff was injured as alleged above, the Defendant failed before

the time of the Plaintiff's injury to take reasonable measures adequately to warn the Plaintiff of the risks to passengers including the Plaintiff alleged above through adequate signage or markings, orally delivered warnings, or otherwise.

27. Due to the concealed nature of the dangerous conditions alleged above, the risk creating condition was not open and obvious to the Plaintiff; i.e., it was not reasonably apparent to passengers encountering the gangway, including the Plaintiff, that it contained a loose, inadequately secured or misleveled section.

28. As a direct and proximate result of the Defendant's negligence as described above Ms. BOLDEN has sustained and will continue in the future to sustain the damages alleged in Paragraph 14 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## **COUNT III– NEGLIGENT FAILURE TO IMPLEMENT ADEQUATE POLICIES AND PROCEDURES**

The Plaintiff adopts, re-alleges, and incorporates by reference the allegations of paragraphs 1-14 above and further alleges:

29. At all material times, the Defendant owed the Plaintiff, as a fare-paying passenger lawfully on board a passenger vessel it operated, a duty of reasonable care, including the duty to take reasonable steps to implement and enforce safety policies and procedures to maintain safe ingress and egress to and from the Defendant's vessel. This duty of reasonable care included a duty to implement and enforce policies and procedures, which if followed, would have resulted in adequate inspection and securing of the gangway to provide reasonably safe ingress and egress for

passengers including the Plaintiff and/or adequate warnings of hazards presented by the condition of the gangway.

30. At all material times the ramp where the Plaintiff was injured was in a high traffic area specifically designated for ingress and egress of cruise ship passengers and was in a condition dangerous to passengers entering and leaving the ship, including the Plaintiff, due to its being unleveled, inadequately secured, and having loose or inadequately secured hinges.  No alternative embarkation or disembarkation options were available to Plaintiff.

31. At all material times the Defendant knew or should in the exercise of reasonable care have known of the hazard posed to passengers by Defendant's failure to implement and enforce adequate policies and procedures for the inspection, maintenance, use and securing of gangways, and knew or should have known of the risks to passengers embarking or disembarking the vessel, such as the Plaintiff, created by such a failure to implement and enforce adequate policies and procedures.  The Defendant's actual or constructive knowledge was derived from prior use of the same or substantially similar gangway systems, industry standards regarding the use, design and securing of gangways, the recurring nature of the conditions, and prior similar occurrences before the Plaintiff was injured.

32. Notwithstanding Defendant's actual or constructive knowledge of the necessity to implement and enforce adequate policies and procedures for use and securing of the gangway, the Defendant failed before the time of the Plaintiff's injury to take reasonable steps to implement and enforce such adequate policies and procedures.  The Defendant thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

33. As a direct and proximate result of the Defendant's negligence as described above Ms. BOLDEN has sustained and will continue in the future to sustain the damages alleged in

Paragraph 14 above.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for compensatory damages and the costs of this action.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 15th day of October 2021.

*s/Nicholas Gerson*
**Philip M. Gerson, Esq.**
Florida Bar No.: 127290
pgerson@gslawusa.com
**Nicholas I. Gerson, Esq.**
Florida Bar No. 20899
ngerson@gslawusa.com
**Edward S. Schwartz, Esq.**
Florida Bar No. 346721
eschwartz@gslawusa.com
**David L. Markel, Esq.**
Florida Bar No. 78306
dmarkel@gslawusa.com
**Jared Ross, Esq.**
Florida Bar No.: 0083857
jross@gslsawusa.com
Gerson& Schwartz, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone: (305) 371-6000
Facsimile: (305) 371-5749
*Attorneys for Plaintiff*